

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 10, 2025**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WOC EVENTS GRAPEVINE, LLC[1] | § | Case No. 25-44313-mxm11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF CRITICAL VENDORS**

CAME ON FOR HEARING the *Debtors' Emergency Motion for Entry of an Order Authorizing Payment of Critical Vendors* (the "Motion")[2] filed by Laurel Events, LLC ("Events"), WOC Events Grapevine, LLC ("Grapevine"), and KellyBain Events, LLC ("Boxwood," and collectively with Events and Grapevine, the "Debtors"), the debtors and debtors-in-possession in the above-captioned bankruptcy cases (the "Bankruptcy Cases"). Finding that notice and service of the Motion and the hearing thereon were sufficient and appropriate under the circumstances, and, based on the record at the hearing, that the relief requested in the Motion is lawful,

---

[1] The Debtors in these chapter 11 bankruptcy cases, along with the last four digits of their federal tax identification number are: Laurel Events, LLC (6782); and WOC Events Grapevine, LLC (7344); and KellyBain Events, LLC (7171). The Debtors' mailing address is: 1804 Market Center Blvd., Dallas, Texas 75207.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

appropriate, and necessary to prevent immediate and irreparable harm, and is in the best interests of the estate, it is hereby:

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Debtors are authorized, but not directed, to pay the Critical Vendor Claims to the Critical Vendors, up to the aggregate amount of $4,000; it is further

ORDERED that no single Debtor shall pay the Critical Vendor Claims of any of the other affiliated Debtors; it is further

ORDERED that each recipient of a Critical Vendor Claim payment shall be required, to the extent applicable, to continue to extend normalized trade credit and provide other business terms on a postpetition basis (consistent with prepetition practices), including with respect to any applicable credit limits, the pricing of goods and services and the provision of equivalent levels of service, on terms at least as favorable as those extended prepetition or on such other terms that are acceptable to the Debtors in their business judgment, until the Debtors emerge from their Bankruptcy Cases (the "Trade Terms"); it is further

ORDERED that if a Critical Vendor accepts payment on a Critical Vendor Claim and fails to provide the Debtors with the requisite Trade Terms, then (a) any payment received with respect to such Critical Vendor Claim shall be deemed an unauthorized postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either (i) recover from the Critical Vendor in cash or goods, or (ii) at the Debtors' option, apply the amount paid against any outstanding administrative claim held by such Critical Vendor; and (b) upon recovery of any Critical Vendor Claim, the corresponding prepetition claim of the Critical Vendor will be reinstated in the amount recovered by the Debtors, less the Debtors' reasonable costs to recover such amounts; it is further

ORDERED that the contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b); it is further

ORDERED that notwithstanding Bankruptcy Rule 6004(4), the terms and conditions of this Order are immediately effective and enforceable upon its entry; it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion; it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the enforcement, implementation, and interpretation of this Order.

# # # END OF ORDER # # #

<u>Submitted by</u>:

Thomas D. Berghman
Texas Bar No. 24082683
Jacob J. King
Texas Bar No. 24136951
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone: (214) 855-7500
E-mail: tberghman@munsch.com
jking@munsch.com

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION