

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 12, 2025**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WOC EVENTS GRAPEVINE, LLC[1] | § | Case No. 25-44313-mxm11 |
| | § | |
| Debtors. | § | Jointly Administered |

### FIRST INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION TO APPROVE CASH MANAGEMENT SYSTEM AND BUDGETS

CAME ON FOR HEARING, the *Emergency Motion to Approve Cash Management System and Budget (*the "Motion")[2] filed by the above-captioned debtors-in-possession (collectively, the "Debtors") in the above-styled and numbered bankruptcy cases (the "Bankruptcy Cases"). Having considered the *Declaration of Thomas Bain in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief*, the statements and testimony in support of the relief requested in the Motion at a hearing before the Court (the "Hearing"), and the record and docket of the Bankruptcy Cases, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion

---

[1] The Debtors in these chapter 11 bankruptcy cases, along with the last four digits of their federal tax identification number are: Laurel Events, LLC (6782); and WOC Events Grapevine, LLC (7344); and KellyBain Events, LLC (7171). The Debtors' mailing address is: 1804 Market Center Blvd., Dallas, Texas 75207.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

- 1 -

pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) proper and adequate notice of the Motion and hearing thereon has been given and no other or further notice is necessary; (iv) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and (v) the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein. Accordingly, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors shall serve this Order on the twenty-largest list, the United States Trustee, any official committee that may be appointed within five (5) days of the entry of this Order and any party in interest filing a notice of appearance in the case.

3. The Final Hearing shall take place on **December 10, 2025 at 9:30 a.m. (CT)**. On or before 4:00 p.m. (CT) on December 5, 2025, any objections or responses to this Motion shall be filed with the Court, and served on any official committee appointed in these Bankruptcy Cases. In the event no objection to entry of the Final Order on the Motion is timely received, this Court may enter the Final Order without need for the Final Hearing.

4. In the event the final hearing goes forward, parties may attend the hearing in person at Room 128, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102, or virtually via WebEx: https://us-courts.webex.com/meet/mullin.

5. The Carve-Out as provided in the Motion is approved, on an interim basis. The Debtor and Huntington Bank, as successor in interest to Veritex Community Bank, have agreed to the Carve-Out, but are finalizing specific language to go into the Final Order.

6. The Debtors are authorized to use the prepetition unsecured loan funds in accordance with the budgets attached hereto as **Exhibit A**.

7. First United Bank and Trust ("FBT") shall not be liable to any party on account of (a) following the Debtor's instructions or representations as to any order of this Court, (b) the honoring of any pre-petition check or item in a good faith belief that this Court has authorized such pre-petition check or item to be honored, or (c) an inadvertent mistake made despite implementation of reasonable item handling procedures. FBT is authorized to continue to administer, service, and maintain the Bank Accounts as such accounts were administered, serviced and maintained prepetition, consistent with existing Bank Account agreements with the Debtors, without interruption and in the ordinary course (including making deductions and setoffs for bank fees and other applicable charges related to such cash management services, whether arising pre-petition or post-petition), and to honor any and all checks, wire transfers, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Bank Accounts.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

9. The deadline by which the Debtor must comply with 11 U.S.C. § 345(b) is extended to forty-five (45) days from the date of the entry of this Order, subject to extension by motion or by agreement of the Debtor and the United States Trustee.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion satisfies requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Laurel Events, LLC Budget

| | 11/3/2025 Week 1 | 11/10/2025 Week 2 | 11/17/2025 Week 3 | 11/24/2025 Week 4 | 12/1/2025 Week 5 | 12/8/2025 Week 6 | 12/15/2025 Week 7 | 12/22/2025 Week 8 | Total |
|---|---|---|---|---|---|---|---|---|---|
| Adobe | | | $ 21.00 | | | | | $ 21.00 | $ 42.00 |
| Aisle Planner | | | | $ 330.00 | | | $ 330.00 | | $ 660.00 |
| Atmos | | | $ 150.00 | | | | $ 200.00 | | $ 350.00 |
| Bar Staffing | | $ 550.00 | $ 1,100.00 | $ 550.00 | $ 550.00 | | $ 550.00 | | $ 3,300.00 |
| Beverages | | | | | | | | | $ - |
| Brightview | $ 4,900.00 | | | | | | | | $ 4,900.00 |
| Calendly | $ 106.00 | | | | $ 106.00 | | | | $ 212.00 |
| Cleaning | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | | | $ 450.00 | | $ 2,250.00 |
| Dropbox | | | | $ 511.00 | | | $ 511.00 | | $ 1,022.00 |
| Electricity | | $ 1,500.00 | | | | | | | $ 1,500.00 |
| Event Rentals | | $ 650.00 | $ 1,300.00 | $ 650.00 | $ 650.00 | | $ 650.00 | | $ 3,900.00 |
| Frontier | | | | | $ 255.00 | | | | $ 255.00 |
| Google Workspace | | | | | | | | | $ - |
| Intuit | | | $ 160.00 | | | | $ 160.00 | | $ 320.00 |
| Linens | $ 750.00 | $ 1,500.00 | $ 750.00 | $ 750.00 | | | $ 750.00 | | $ 4,500.00 |
| Ooma | $ 161.00 | | | | $ 161.00 | | | | $ 322.00 |
| Oxi Fresh | | | | | $ 106.00 | | | | $ 106.00 |
| PHD | | | | $ 297.00 | | | | | $ 297.00 |
| Qnet | | | $ 368.00 | | | | $ 368.00 | | $ 736.00 |
| Republic | | | $ 450.00 | | | | | | $ 450.00 |
| Security | $ 263.00 | $ 526.00 | $ 263.00 | $ 263.00 | | | $ 263.00 | | $ 1,578.00 |
| Valet | $ 700.00 | $ 1,400.00 | $ 1,400.00 | $ 700.00 | | | $ 700.00 | | $ 4,900.00 |
| Verizon | | | | $ 437.00 | | | | | $ 437.00 |
| Versacor | $ 192.00 | | | | | $ 192.00 | | | $ 384.00 |
| Water | | $ 300.00 | | | | | $ 300.00 | | $ 600.00 |
| Water | | $ 1,000.00 | | | | | $ 750.00 | | $ 1,750.00 |
| YouTubeTV | | | $ 89.00 | | | | $ 89.00 | | $ 178.00 |
| | | | | | | | | **Grand Total** | **$ 34,949.00** |

**KellyBain Events, LLC Budget**

| | 11/3/2025 Week 1 | 11/10/2025 Week 2 | 11/17/2025 Week 3 | 11/24/2025 Week 4 | 12/1/2025 Week 5 | 12/8/2025 Week 6 | 12/15/2025 Week 7 | 12/22/2025 Week 8 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 1099 Labor | | | | | $ 1,000.00 | | | | $ 1,000.00 |
| Amazon | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | | | | $ 500.00 |
| Bank Charges | | | | | $ 550.00 | | | | $ 550.00 |
| Cleaning | $ 1,400.00 | $ 3,500.00 | $ 700.00 | $ 2,100.00 | $ 700.00 | $ 700.00 | $ 700.00 | | $9,800 |
| Client Refunds | $ 1,200.00 | $ 3,000.00 | $ 600.00 | $ 1,800.00 | $ 600.00 | $ 600.00 | $ 600.00 | | $ 8,400.00 |
| Guadian | | | | | $ 1,000.00 | | | | $ 1,000.00 |
| Intuit Quibooks | | $ 240.00 | | | | $ 240.00 | | $ 160.00 | $ 640.00 |
| Linens | $ 1,500.00 | $ 3,750.00 | $ 750.00 | $ 2,250.00 | $ 750.00 | $ 750.00 | $ 750.00 | | $ 10,500.00 |
| Moo | | $ 100.00 | | | | $ 100.00 | | | $ 200.00 |
| Payroll | | $ 16,990.00 | | $ 16,990.00 | | $ 16,721.00 | | $ 16,317.00 | $ 67,018.00 |
| Security | $ 526.00 | $ 1,315.00 | $ 263.00 | $ 789.00 | $ 263.00 | $ 263.00 | $ 263.00 | | $3,682 |
| Spotify | | $ 13.00 | | | | $ 13.00 | | | $ 26.00 |
| Squarespace | | | $ 39.00 | | | $ 39.00 | | | $ 78.00 |
| Valet | $ 1,400.00 | $ 3,500.00 | $ 700.00 | $ 1,400.00 | $ 700.00 | $ 700.00 | $ 700.00 | | $ 9,100.00 |
| Zapier | | | | $ 39.00 | | | | $ 39.00 | $ 78.00 |
| | | | | | | | | **Grand Total** | **$ 112,572.00** |