

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 12, 2025**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WOC EVENTS GRAPEVINE, LLC[1] | § | Case No. 25-44313-mxm11 |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

**ORDER GRANTING DEBTORS' EXPEDITED MOTION FOR THE APPROVAL OF
(A) BID PROCEDURES; AND (B) STALKING HORSE PROTECTIONS**

CAME ON FOR CONSIDERATION, the *Debtors' Expedited Motion for the Approval of (A) Bid Procedures; (B) Stalking Horse Protections; and (C) Procedures for the Assumption and Assignment of Contracts* (the "Motion")[2] filed by Laurel Events, LLC ("Events"), WOC Events Grapevine, LLC ("Grapevine"), and KellyBain Events, LLC ("Boxwood," and collectively with Laurel and Grapevine, the "Debtors"), the debtors and debtors-in-possession in the above-captioned chapter 11 bankruptcy cases (the "Bankruptcy Cases"). The Court, having reviewed the

---

[1] The Debtors in these chapter 11 bankruptcy cases, along with the last four digits of their federal tax identification number are: Laurel Events, LLC (6782); and WOC Events Grapevine, LLC (7344); and KellyBain Events, LLC (7171). The Debtors' mailing address is: 1804 Market Center Blvd., Dallas, Texas 75207.

[2] Terms capitalized but not defined herein shall have the meanings ascribed to them in the Motion or Bid Procedures as appropriate.

- 1 -

Motion, and having heard the statements in support of the relief requested in the Motion at the hearing on the Motion (the "Hearing"), hereby finds as concludes as follows:

    A.    The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.

    B.    Such jurisdiction is core under 28 U.S.C. § 157(b)(2), and the Court has the power and authority to enter a final appealable order in accordance with Article III of the United States Constitution.

    C.    Venue over the Motion is proper in this District and Division under 28 U.S.C. §§ 1408 and 1409.

    D.    The Debtors' notice of the Motion was appropriate under the circumstances and provided all parties-in-interest with an adequate opportunity to appear and be heard, and no other notice need be provided.

    E.    The relief requested in the Motion is in the best interest of the Debtors, their estates, the creditors, and all parties-in-interest.

    F.    The legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED as set forth herein.

    2.    The Bid Procedures attached to this Order as **Exhibit A** are hereby approved in their entirety and fully incorporated into this Order. The Bid Procedures shall govern the submission, receipt, and analysis of all bids related to the proposed sale and any party desiring to submit a higher or better offer for the Purchased Assets must comply with the terms of the Bid Procedures and this Order. The Bid Procedures shall also govern the terms on which the Debtors will proceed with the auction and/or sale.

3. The Stalking Horse Purchasers are deemed to be Qualified Bidders under the Bid Procedures for all purposes.

4. Within two (2) business days of the entry of this Order, the Debtors shall give notice of the Bid Procedures to any person, entity, or individual which expressed interest in the Purchased Assets at any point within the year prior to the entry of this Order.

5. The following dates and deadlines regarding competitive bidding are hereby established (subject to modification in accordance with the Bid Procedures)

| Bid Procedures Deadlines | |
|---|---|
| **November 17, 2025** | Debtors to file and serve the Contract Assumption/Assignment and Proposed Cure Notice |
| **December 2, 2025** | Deadline to submit a Bid to be considered for the Auction |
| **December 3, 2025** | Debtors' attorney to advise bidders of any Qualified Bids |
| **December 5, 2025, at 10:00 a.m. (CT)** | Proposed date of the Auction |
| **December 5, 2025** | Debtors to file a Notice of Successful Bidder at the conclusion of the Auction |
| **December 8, 2025** | Deadline to file and serve objections to the Sale Motion or assumption and assignment of contracts |
| **December 10, 2025 at 9:30 a.m. (CT)** | Sale Hearing |

6. The Court shall retain continuing and exclusive jurisdiction with respect to all matters arising in, arising from, or related to the implementation, interpretation, or enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

Thomas D. Berghman
Texas Bar No. 24082683
Jacob J. King
Texas Bar No. 24136951
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 4000
Dallas, Texas 75201
Telephone: (214) 855-7500
Email: tberghman@munsch.com
       jking@munsch.com

**PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WOC EVENTS GRAPEVINE, LLC[1] | § | Case No. 25-44313-mxm11 |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

## BID PROCEDURES

Laurel Events, LLC ("Events"), WOC Events Grapevine, LLC ("Grapevine"), and KellyBain Events, LLC ("Boxwood," and collectively with Events and Grapevine, the "Debtors") have received Bankruptcy Court approval to engaged in an auction process as outlined below. Interested parties should contact counsel for the Debtors at their earliest convenience via electronic mail as follows:

Thomas D. Berghman (tberghman@munsch.com)
Jacob J. King (jking@munsch.com)
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 4000
Dallas, Texas 75201

A hearing on the sale of the Debtors' assets (the "Purchased Assets") set forth in that certain *Asset Purchase Agreement* as filed with the Court (the "APA") is scheduled for **December 10, 2025 at X:X0 a/p.m. (CT)**. Please take notice that, under the Bid Procedures below, any party wishing to participate must strictly comply with the Bid Procedures–including the Bid Deadline of **December 2, 2025**.

| **BIDS ARE DUE ON OR BEFORE DECEMBER 2, 2025** | |
|---|---|
| **Provisions Governing Qualifications of Bidders** | To be eligible to participate in the Auction, each offer, solicitation, or proposal (each, a "Bid"), and each party submitting such a Bid (each, a "Bidder"), must be determined, in the business judgment of the Debtors, to satisfy each of the following conditions: |
| | (i) Corporate Authority. Written evidence reasonably acceptable to the Debtors demonstrating appropriate corporate authorization to consummate the proposed transaction; provided, however, if the Bidder is an entity specially formed for the purpose of effectuating the transaction, then the Bidder must furnish written evidence reasonably acceptable to the Debtors of the approval of the transaction by the equity holder(s) of the Bidder. |

---

[1] The Debtors in these chapter 11 bankruptcy cases, along with the last four digits of their federal tax identification number are: Laurel Events, LLC (6782); and WOC Events Grapevine, LLC (7344); and KellyBain Events, LLC (7171).  The Debtors' mailing address is: 1804 Market Center Blvd., Dallas, Texas 75207.

BID PROCEDURES – PAGE 1

| | |
|---|---|
| | (ii) Proof of Financial Ability to Perform. Written evidence that demonstrates the Bidder has the necessary financial ability to close the sale and provide adequate assurance of future performance under all contracts to be assumed and assigned in such a transaction. |
| **Provisions Governing Qualified Bids** | Each Bid must satisfy each of the following conditions (each bidder a "Qualified Bidder") so submitting a satisfactory Bid (a "Qualified Bid"), in the Debtors' reasonable business judgment:<br><br>(i) Stalking Horse Bid. The bid submitted by the Stalking Horse Purchasers (the "Stalking Horse Bid") is a Qualified Bid.<br><br>(ii) Good Faith Deposit. Each Bid (other than the Stalking Horse Bid) must be accompanied by a deposit in the amount of ten percent (10%) of the Bid's proposed cash purchase price to an escrow account to be identified and established by the Debtors (the "Good Faith Deposit").<br><br>(iii) Terms. A Bid must be on terms that are substantially the same or better than the terms of the APA and must be for all the Purchased Assets and must include executed transaction documents (the "Transaction Documents"). A Bid shall also include (i) an executed asset purchase agreement, and (ii) a copy of such asset purchase agreement marked to show all changes requested by the Bidder as compared to the APA.<br><br>A Bid will not be considered a Qualified Bid for the Auction if (a) such Bid contains additional material representations and warranties, covenants, closing conditions, termination rights other than as may be included in the APA[2]; (b) such Bid is not received by the Debtors in writing on or prior to the Bid Deadline, and (c) such Bid does not contain evidence the Bidder submitting it has received unconditional debt and/or equity funding commitments or has unrestricted and fully available cash sufficient in the aggregate to finance the purchase contemplated thereby, including proof the Good Faith Deposit has been made. The Transaction Documents shall also identify any contracts of the Debtors that the Bidders wishes to have assigned to it pursuant to the sale (collectively, the "Transferred Contracts"). The Stalking Horse Bid does not contemplate the assumption of any executory contracts from the Debtors, but the Qualified Bidder may submit a bid contemplating the assumption of any executory contract. |

---

[2] It being understood that such Bid shall modify the APA as needed to comply in all respects with the Bid Procedures Order and will remove provisions that apply only to the Stalking Horse Purchasers such as the provisions relating to the bid protections.

BID PROCEDURES – PAGE 2

|  | |
|---|---|
|  | (iv) <u>Contingencies</u>. A Bid may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence. |
|  | (v) <u>Irrevocable</u>. A Bid must be irrevocable until fourteen (14) days after the entry of the order approving the sale or the closing of the sale whichever is earlier. Each Bidder further agrees that its Bid, if not chosen as the Successful Bidder, shall serve, without modification, as a Backup Bidder (as defined below) as may be designated by the Debtors at the sale hearing, in the event the Successful Bidder fails to close as provided in the APA, as modified, if at all, and the sale order. |
|  | (vi) <u>Disclaimer of Fees</u>. Each Bid (other than the Stalking Horse Purchasers' bid) must disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation. No party (other than the Stalking Horse Purchasers) will be permitted to request, nor be granted by the Debtors, at any time, whether as part of the Auction or otherwise, a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation in connection with the sale. By submitting its Bid, each Bidder (other than the Stalking Horse Purchasers) agrees to waive any assertion or request for reimbursement on any basis, including under Section 503(b) of the Bankruptcy Code. |
|  | (vii) <u>Bid Deadline</u>. The Debtors must receive a Bid in writing, on or before the Bid Deadline, **December 2, 2025**, or such later date as may be agreed to by the Debtors (the "<u>Bid Deadline</u>"). |
| **Auction** | The Auction, if necessary, will be conducted on **December 5, 2025, at 10:00 a.m. (CT)**, at the offices of Munsch Hardt Kopf & Harr, P.C., 500 N. Akard St., Ste. 4000, Dallas, Texas 75201-6659 and/or via a virtual platform, such as Zoom, as the Debtors may designate or such other location as identified by the Debtors after notice to all Qualified Bidders. |
| **Cancellation of Auction** | If no Qualified Bids other than the Stalking Horse Purchasers' bid are received prior to the Bid Deadline, then the Auction will not occur, the APA will be deemed the Successful Bid, and, subject to the termination rights under the APA, the Debtors will pursue entry of an order by the Bankruptcy Court authorizing the sale to the Stalking Horse Purchasers as soon as practicable. |
|  | If the Debtors do not receive any Qualified Bids, other than the Stalking Horse Purchasers' bid, then the Debtors shall file a notice of cancellation of the Auction to apprise the Court of such event. |

| **Stalking Horse Bid Protections** | The Stalking Horse Purchasers shall be entitled to the following protections: |
|---|---|
| | (i) <u>Break-Up Fee</u>. The Break-Up Fee equal to five percent (5%) of the Purchase Price. |
| | (ii) <u>Bidding Increments</u>. Each Qualified Bid must be for all the Purchased Assets and shall clearly show the amount of the purchase price. In addition, a Bid must propose a purchase price equal to or greater than the sum of (i) the value of the APA ($3,310,000.00); plus (ii) an initial overbid of $200,000 (which includes the Break-Up Fee and Expense Reimbursement) (the "<u>Initial Overbid</u>"). |
| | Any bid after the Initial Overbid shall include cash consideration of at least $50,000. Any such subsequent bids may also include non-cash consideration; however, the value of such non-cash consideration shall be determined by the Debtors in their reasonable business judgment. |
| | (iii) <u>Treatment of the Break</u>-Up Fee and Expense Reimbursement at Auction. To the extent payable, the Break-Up Fee and Expense Reimbursement shall be paid as provided in the APA and shall constitute an allowed administrative expense claim against the Debtors' estates under Bankruptcy Code Sections 363, 503(b), and 507(a)(2). |
| **Modifications of Bidding and Auction Procedures** | The Debtors reserve the right to modify these Bid Procedures in their reasonable business judgment in any manner that will best promote the goals of the bidding process or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation: (a) adjourning the Auction at the Auction and/or adjourning the sale hearing in open court without further notice; (b) reopening the Auction to consider further bidding; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction (*e.g.*, time increments, conforming nature of bids, allowing Qualified Bidders to resume bidding even if they did not bid at lower increments, etc.); (d) canceling the Auction; and (e) rejecting any or all Bids or Qualified Bids, in all cases, subject to the APA, the Bid Procedures, and the Bid Procedures Order. |
| **Closing with Alternative Backup Bidders** | Notwithstanding anything in the Bid Procedures to the contrary, if an Auction is conducted, the party(ies) with the next highest or otherwise best Qualified Bid (or combination of Qualified Bids) at the Auction, as determined by the Debtor, in the exercise of its business judgment, shall be required to serve as backup bidder (the "<u>Backup Bidder</u>"). The Backup Bidder shall be required to keep its initial Bid(s) (or if the Backup Bidder submitted one or more Overbids at the Auction, its final Overbid) (the "<u>Backup Bid</u>") open and irrevocable until the earlier of the date that is |

|  | fourteen (14) days after the entry of the sale order or the closing of the sale whichever is earlier. |
|---|---|
|  | Following entry of the Sale Order, if the Successful Bidder fails to consummate an approved transaction because of a breach or failure to perform on the part of such Successful Bidder, the Debtors may designate the Backup Bidder to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the transaction with the Backup Bidder without further order of the Bankruptcy Court. In such case, the defaulting Successful Bidder's deposit, if any, shall be forfeited to the Debtors' estates, and the Debtors specifically reserve the right to seek all available damages from the defaulting Successful Bidder. |
|  | The closing date to consummate the transaction with the Backup Bidder shall be no later than the later of fourteen (14) days after the date the Debtors provide notice to the Backup Bidder that the Successful Bidder failed to consummate a sale and the Debtors desire to consummate the transaction with the Backup Bidder. The deposit, if any, of the Backup Bidder shall be held by the Debtors until the earlier of two (2) business days after (a) the closing of the Sale with the Successful Bidder and (b) the Outside Backup Date; provided, however, in the event the Successful Bidder does not consummate the transaction as described above and the Debtors provide notice to the Backup Bidder, the Backup Bidder's deposit shall be held until the closing of the transaction with the Backup Bidder. In the event the Debtors fail to consummate a transaction with the Backup Bidder as described above, the Backup Bidder's deposit shall be forfeited to the Debtors' estates, and the Debtors specifically reserve the right to seek all available damages from the defaulting Backup Bidder. |